UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL SAN AGUSTIN,

    Plaintiff,

    v.

A.K. SCRIBNER, Warden; A. QUINONES, Institutional Gang Investigator,

    Defendants.

No. C 08-4660 PJH (PR)

**ORDER OF SERVICE**

Plaintiff, a prisoner at Pelican Bay State Prison ("PBSP") in Crescent City, California, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has paid the filing fee.

Venue is proper in this district because a substantial part of the events giving rise to the action occurred in this district. *See* 28 U.S.C. § 1391(b).

## DISCUSSION

**A.  Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary;

the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (per curium) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.   Legal Claims**

Plaintiff alleges that defendants validated him as a gang member and placing him in the Secured Housing Unit ("SHU") at PBSP.  Plaintiff claims that defendants violated his right to due process because: (1) the gang validation was predetermined and based on "bias;" (2) he did not receive proper notice of the gang validation charges; and (3) the gang validation was not supported by sufficient evidence.  These claims, when liberally construed, state a cognizable basis for relief.

**CONCLUSION**

1. The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the complaint with attachments and copies of this order on the following defendants: Warden A.K. Scribner and Institutional Gang Investigator A. Quinones.  Plaintiff says they can be found at Pelican Bay State Prison.

2. In order to expedite the resolution of this case, the court orders as follows:

   a. No later than sixty days from the date of service, defendants shall file a motion for summary judgment or other dispositive motion.  The motion shall be supported

1  by adequate factual documentation and shall conform in all respects to Federal Rule of
2  Civil Procedure 56, and shall include as exhibits all records and incident reports stemming
3  from the events at issue.  If defendants are of the opinion that this case cannot be resolved
4  by summary judgment, they shall so inform the court prior to the date their summary
5  judgment motion is due.  All papers filed with the court shall be promptly served on the
6  plaintiff.

7        b.  Plaintiff's opposition to the dispositive motion, if any, shall be filed with the
8  court and served upon defendants no later than thirty days from the date the motion was
9  filed.  Plaintiff must read the attached page headed "NOTICE -- WARNING," which is
10 provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en
11 banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

12    If defendants file an unenumerated motion to dismiss claiming that plaintiff failed to
13 exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff
14 should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION),"
15 which is provided to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th
16 Cir. 2003).

17       c.  If defendants wish to file a reply brief, they shall do so no later than fifteen
18 days after the opposition is filed.

19       d.  The motion shall be deemed submitted as of the date the reply brief is
20 due.  No hearing will be held on the motion unless the court so orders at a later date.

21    3. All communications by plaintiff with the court must be served on defendants, or
22 defendants' counsel once counsel has been designated, by mailing a true copy of the
23 document to defendants or defendants' counsel.

24    4. Discovery may be taken in accordance with the Federal Rules of Civil Procedure.
25 No further court order under Federal Rule of Civil Procedure 30(a)(2) is required before the
26 parties may conduct discovery.

27    5. It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court
28 informed of any change of address by filing a separate paper with the clerk headed "Notice

of Change of Address." He also must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: April 14, 2009

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.08\SANAGUSTIN4660.SRV.wpd