United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL SAN AGUSTIN,

Plaintiff,

v.

A. K. SCRIBNER, Warden; A. QUINONES, Institutional Gang Investigator,

Defendants.
_________________________________/

No. C 08-4660 PJH (PR)

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DENYING THEIR MOTION FOR SUMMARY JUDGMENT AS MOOT; DISMISSAL WITH LEAVE TO AMEND**

This is a civil rights case filed pro se by a state prisoner. Defendants have filed a motion to dismiss and for summary judgment. In an earlier ruling the court granted defendants' motion for a stay of discovery and said that it would rule on the motion to dismiss first, making discovery unnecessary at that time, and that the motion for summary judgment would not be reached unless it were denied as moot. In that order plaintiff's motion for an extension of time to oppose the defendants' motions was granted, but plaintiff has not opposed the motion and the time to do so has expired.

For the reasons set out below, the motion to dismiss will be granted. Because it will be granted and the complaint dismissed with leave to amend, the motion for summary judgment will be denied as moot.

**DISCUSSION**

**I. Standard**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the

color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1986-87. The United States Supreme Court has recently explained that the "plausible on its face" standard of *Twombly* means that "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009).

In ruling on a motion to dismiss for failure to state a claim, review is limited to the contents of the complaint, *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994), including documents physically attached to the complaint or documents the complaint necessarily relies on and whose authenticity is not contested. *Lee v. County of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). In addition, the court may take judicial notice of facts that are not subject to reasonable dispute. *Id.* at 688 (discussing Fed. R. Evid. 201(b)). Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the non-moving party. *Spreewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). The court need not, however, "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Id.*

## II. Analysis

### A. Injunctive Relief Claims

Defendants claim that plaintiff's injunctive relief claims are barred by the statute of limitations. They are correct, and plaintiff, who has not opposed the motion, has of course provided no basis for avoiding the bar. The injunctive relief claims will be dismissed with prejudice.

### B. Defendant Scribner

As defendant Scribner contends, the complaint contains no facts alleging any involvement by him in the alleged violations of plaintiff's rights. Plaintiff thus has failed to state a claim against Scribner.

### C. Defendant Quinones

Plaintiff's claims are that his gang validation was predetermined and based on "bias," that he did not receive proper notice of the gang validation charges, and that the gang validation was not supported by sufficient evidence. Defendant Quinones was the "IGI," the Institutional Gang Investigator, who performed the validation.

Quinones is correct that plaintiff alleges only that he did not receive adequate notice of the confidential information upon which the validation was based, rather than that he did not receive proper notice of the gang allegation itself. The Constitution requires only notice of the charges, not the evidence upon which they may be based. *See Hewitt v. Helms*, 459 U.S. 460, 476 (1983). Plaintiff has failed to state a claim that his due process rights were violated by inadequate notice.

As to the bias and predetermination claim, the facts alleged – that Quinones said in a written note in the investigative file that plaintiff should be monitored for gang activity as a result of having written to a known gang member, and that "a validation packet will be submitted to [higher authorities] upon completion" – are not sufficient to make it plausible that Quinones had predetermined the issue. It was reasonable for him to expect to submit a validation packet to those who would decide if plaintiff were a gang member, given the evidence already developed, as was the suggestion that plaintiff should be monitored for

United States District Court
For the Northern District of California

gang activity. Plaintiff has failed to state a claim that Quinones had predetermined his guilt.

Finally, plaintiff's own contentions in the complaint show that "some evidence" supported the decision, given that the complaint and the exhibits submitted in support of it describe several source items to support the validation; plaintiff contends that all of the items have weaknesses as evidence, but this does not prevent them from meeting the minimal "some evidence" standard. *See Superintendent v. Hill*, 472 U.S. 445, 457 (1985) ("some evidence" standard is "minimal").

For the above reasons, the motion to dismiss will be granted. The dismissal will be with leave to amend, because plaintiff may be able to allege additional facts that would state a claim. The motion for summary judgment, which is directed to the complaint that is dismissed in this order, will be denied as moot.

## CONCLUSION

Defendants' motion to dismiss (document number 9 on the docket) is **GRANTED**. The injunctive relief claims are **DISMISSED** with prejudice; the other claims are **DISMISSED** with leave to amend Defendants' motion for summary judgment (document 9) is **DENIED** as moot.

If plaintiff wishes to amend, he shall file an amended complaint on the court's form for prisoner section 1983 claims within thirty days of the date this order is entered. It must carry the docket number of this case and the words "Amended Complaint" on the first page, so it is not mistaken for an attempt to file a new case. The amended complaint completely replaces the original complaint, so it must contain all claims plaintiff wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Failure to file an amended complaint within the time allowed will result in dismissal of the entire case without further leave to amend.

**IT IS SO ORDERED.**

Dated: March 17, 2010.

PHYLLIS J. HAMILTON
United States District Judge

P:\PRO-SE\PJH\CR.08\SANAGUSTIN4660.motion to dismiss.wpd